IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | CIVIL NO. 05-30150-KPN |
| | ) | |
| GERRY K. ALLEN and | ) | |
| | ) | |
| ANN M. ALLEN, | ) | **DOCKETED** |
| | ) | |
| Defendants | ) | |

## COMPLAINT FOR REPOSSESSION OF COLLATERAL AND MONEY JUDGMENT

COMES NOW the United States of America by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, and demands an order requiring the defendants to turn over to the plaintiff certain equipment which secures a debt owed by defendants to the plaintiff, and a money judgment against defendant Ann M. Allen as more fully set forth in the following paragraphs.

1.    The Court has jurisdiction over this action pursuant to 28 U.S.C. 1345.

2.    The plaintiff is the United States of America, acting through the Farm Service Agency, formerly the Farmers Home Administration, United States Department of Agriculture (hereinafter "FSA").

3.    The defendants are Gerry K. Allen, an adult individual who resides at 634 Leyden Road, Greenfield, Massachusetts 01301, and Ann M. Allen, an adult individual who resides at 17 I Street, Turners Falls, Massachusetts 01376.

4.      On or about May 31, 1979, FSA loaned the defendants the sum of $80,000.00 pursuant to the Emergency Agricultural Adjustment Act of 1978. The loan was rescheduled twice, most recently on January 13, 1989, as evidenced by a promissory note in the face amount of $76,312.53. A copy of said note is attached hereto as Exhibit A.

5.      On or about May 31, 1979, FSA loaned to the defendants the sum of $43,500.00 pursuant to the Consolidated Farm and Rural Development Act. Said loan was also rescheduled twice, most recently on January 13, 1989, as evidenced by a promissory note in the face amount of $18,550.03. A copy of said note is attached hereto as Exhibit B.

6.      On or about December 18, 1985, FSA loaned the defendants the sum of $47,000 pursuant to the Consolidated Farm and Rural Development Act. The loan was rescheduled twice, most recently on January 13, 1989, as evidenced by a promissory note in the face amount of $39,457.75. A copy of said note is attached hereto as Exhibit C.

7.      On or about August 1, 1986, FSA loaned the defendants the sum of $24,000.00 pursuant to the Consolidated Farm and Rural Development Act. The loan was rescheduled on January 13, 1989, as evidenced by a promissory note in the face amount of $23, 474.87. A copy of said note is attached hereto as Exhibit D.

8.      On or about April 25, 1988, FSA loaned the defendants the sum of $8,000.00 pursuant to the Consolidated Farm and Rural Development Act. The loan was rescheduled twice, most recently on January 13, 1989, as evidenced by a promissory note in the face amount of $7,835.09. A copy of said note is attached hereto as Exhibit E.

9.     On or about July 22, 1988, FSA loaned the defendants the sum of $48,000.00 pursuant to the Consolidated Farm and Rural Development Act. The loan was rescheduled on January 13, 1989, as evidenced by a promissory note in the face amount of $47,531.62. A copy of said note is attached hereto as Exhibit F.

10.    To secure the repayment of the loans, defendants executed and delivered to FSA a series of security agreements, essentially identical to each other, which covered, *inter alia*, "all farm and other equipment...and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto...." A copy of the most recent security agreement is attached hereto as Exhibit G.

11.    To perfect the security interest created by the security agreements, defendants executed and delivered to FSA a financing statement, which was duly filed in the Clerk's Office of the Town of Greenfield, was duly continued by continuation statements and duly filed in the Office of the Secretary of State as an "in lieu" filing on January 13, 2004. Copies of the said financing statements are attached hereto as Exhibit H, collectively.

12.    Defendants have defaulted on the notes and security agreements by failing to make payments of principal and interest as required by those documents. FSA accelerated the debt on August 30, 2004. FSA has offered defendants all servicing required by FSA regulations.

13.    The amount due and owing to FSA is $386,106.46 as of October 18, 2004 consisting of $210,058.38 in principal and $175,948.08 in interest, with interest accruing from that date at the rate of $36.8222 per diem, as set forth in the affidavit of indebtedness attached hereto as Exhibit I.

14.    The debt far exceeds the value of the collateral, and defendants have no equity in the equipment.

15.    Defendant Gerry K. Allen was discharged in bankruptcy on July 2, 2003.

WHEREFORE, plaintiff demands judgment against defendant Ann M. Allen in the amount of $386,106.46 plus interest to the date of payment and an order granting to plaintiff possession of all farm and other equipment pledged to plaintiff by the defendants.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By:

CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

DATED: June 22, 2005

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

GERRY K. ALLEN and ANN M. ALLEN

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Franklin 25011
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff

[ ] 2 U.S. Government Defendant

[ ] 3 Federal Question (U.S. Government Not a Party)

[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury – Med. Malpractice<br>[ ] 365 Personal Injury – Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/Exchange<br>[ ] 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS – Third Party 26 USC 7609 | [ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions | |

(860 SOCIAL SECURITY marked; [X] 891 Agricultural Acts)

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding

[ ] 2 Removed from State Court

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from another district (specify)

[ ] 6 Multidistrict Litigation

[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. SECTION 1345

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 386,106.46

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 6/23/05    SIGNATURE OF ATTORNEY OF RECORD _Christopher R. Donato_

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _U S Q.     v    Gerry Allen   d. al._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
   SHEET. (SEE LOCAL RULE 40.1(A)91)).

   ___ I.    160, 410, 470, r.23, REGARDLESS OF NATURE OF SUIT

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950

   _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650,
             660, 690, 810, 861-865, 870, 871, 875, 900

   ___ V.    150, 152, 153

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                    YES              (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
   INTEREST? (SEE 28 USC § 2403)

                                                    YES              (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                    YES              NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
   TITLE 28 USC § 2284?

                                                    YES              (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH
   OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION -
   (SEE LOCAL RULE 40.1(D)).

                                                    (YES)            NO

   A.   IF YES, IN WHICH DIVISION DO ALL FO THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          (WESTERN DIVISION)

   A.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING  GOVERNMENTAL
        AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Christopher R. Donato,   Assistant United States Attorney___

ADDRESS _____U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210___

TELPHONE NO. ____617-748-3303___

USDA-FmHA
Form FmHA 1940-17
(Rev. 8-88)

**PROMISSORY NOTE**

| KIND OF LOAN | |
|---|---|
| Type: ___ EE ___ | ☒ Regular |
| | ☐ Limited Resource |

Pursuant to:
☐ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | |
|---|---|
| GERRY K. ALLEN & ANN M. ALLEN | |

| State | County |
|---|---|
| MASSACHUSETTS | FRANKLIN |

| Case No. | Date |
|---|---|
| 25-06-■■■6735 | January 13, 1989 |

| Fund Code | Loan No. |
|---|---|
| 29 | 22 |

**ACTION REQUIRING NOTE**

| | |
|---|---|
| ☐ Initial loan | ☐ Rescheduling |
| ☐ Subsequent loan | ☒ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in ___ GREENFIELD, MASSACHUSETTS 01301 ___

_____, or at such other place as the Government may later designate in writing, the principal sum of

SEVENTY SIX THOUSAND THREE HUNDRED TWELVE AND 53/100 ——————————————— dollars

($ 76,312.53 _____), plus interest on the unpaid principal balance at the **RATE** of

___ EIGHT AND ONE HALF ___ percent ( 8.5 %) per annum and
ONE THOUSAND SEVEN HUNDRED
ONE AND 40/100 ___ dollars ($ 1,701.40 ___) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in ___ 31 ___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | |
|---|---|---|---|---|---|
| $ 0 | on 01-01-90 | ; $ 0 | on 01-01-91 | ; |
| $ 7,740.00 | on 01-01-92 | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |

and $ 7,740.00 ___ thereafter on 01/01 of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___ 30 ___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.



**EXHIBIT**

**A**

*Position 2*                                                                 FmHA 1940-17 (Rev. 8-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

|  | FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|---|
| Ream. | 29-02 | $ 80,000.00 | 8.5 % | 05-31-79 , 19 | Gerry & Ann Allen | 05-31-2019 , 19 |
| Ream. | 29-18 | $ 78,130.83 | 8.5 % | 07-08-88 , 19 | Gerry & Ann Allen | 07-08-2018 , 19 |
|  |  | $ | % | , 19 |  | , 19 |
|  |  | $ | % | , 19 |  | , 19 |
|  |  | $ | % | , 19 |  | , 19 |
|  |  | $ | % | , 19 |  | , 19 |
|  |  | $ | % | , 19 |  | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT**: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT**: Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay wh. .due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

_Ann M. Allen_
Ann M. Allen                          (Borrower)

(SEAL)

_Gerry K. Allen_
Gerry K. Allen                          (Borrower)

## ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated January 13, 1989 in the original amount of $76,312.53 at an annual interest rate of 8.5%. This agreement amends and attaches to the above note. $517.00 of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 1951, Subpart A. I agree to sign a supplementary payment agreement and make additional payments if during the deferral point I have a substantial increase in income and repayment ability.

_Ann M. Allen_
Ann M. Allen

_Gerry K. Allen_
Gerry K. Allen

634 Leyden Road

Greenfield, MA  01301

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

☆ U.S. GOVERNMENT PRINTING OFFICE: 1988-654-054/80006

USDA-FmHA
Form FmHA 1940-17    RE-S  DULED FROM 29-08
(Rev. 8-88)

**PROMISSORY NOTE**

| KI. OF LOAN | |
|---|---|
| Type: ___ EE | ☒ Regular |
| | ☐ Limited Resource |

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | | ACTION REQUIRING NOTE | |
|---|---|---|---|
| Gerry K. Allen & Ann M. Allen | | ☐ Initial loan | ☒ Rescheduling |
| State | County | ☐ Subsequent loan | ☐ Reamortization |
| MASSACHUSETTS | FRANKLIN | ☐ Consolidated & subsequent loan | ☐ Credit sale |
| Case No. 25-06-■■■6735 | Date January 13, 1989 | ☐ Consolidation | ☒ Deferred payments |
| Fund Code 29 | Loan No. 26 | ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____ GREENFIELD, MASSACHUSETTS  01301

_____, or at such other place as the Government may later designate in writing, the principal sum of

EIGHTEEN THOUSAND FIVE HUNDRED FIFTY AND 03/100 ——————————————————— dollars

($____18,550.03____), plus interest on the unpaid principal balance at the **RATE** of

_____ EIGHT AND ONE-HALF _____ percent (___8.5___ %) per annum and

SEVEN HUNDRED
RTY THREE AND 03/100 dollars ($__743.03__) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in ___11___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $____0____ on 01-01-90 | ; $____0____ on 01-01-91 | | ; |
| $__3,771.00__ on 01-01-92 | ; $__N/A__ on _____ | | ; |
| $__N/A__ on _____ | ; $__N/A__ on _____ | | ; |
| $__N/A__ on _____ | ; $__N/A__ on _____ | | ; |
| $__N/A__ on _____ | ; $__N/A__ on _____ | | ; |
| $__N/A__ on _____ | ; $__N/A__ on _____ | | ; |

and $ __3,771.00__ thereafter on 01-01 of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _10_ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

**EXHIBIT**
**B**
Position

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| | FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|---|
| esch | 29-01 | $ 43,500.00 | 8.5 % | 05-31-79 , 19 | Gerry & Ann Allen | 05-31-86 , 19 |
| esch | 29-08 | $ 31,433.21 | 8.5 % | 12-05-85 , 19 | Gerry & Ann Allen | 12-05-92 , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

_Ann M. Allen_  (Borrower)
Ann M. Allen

(SEAL)

_Gerry K. Allen_
Gerry K. Allen                                           (Borrower)

### ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated January 13, 1989 in the original amount of $18,550.00 at an annual interest rate of 8.5 percent. This agreement amends and attaches to the above note. $481.00 of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 1951, Subpart A. I agree to sign a supplementary payment agreement and make additional payments if during the deferral point I hace substantial increase in income and repayment ability.

_Ann M. Allen_
Ann M. Allen

_Gerry K. Allen_
Gerry K. Allen

634 Leyden Road

Greenfield, MA  01301

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

☆ U.S. GOVERNMENT PRINTING OFFICE: 1988-654-054/80008

USDA-FmHA
Form FmHA 1940-17    RE-SCHEDULED FROM 44-14
(Rev. 8-88)

PROMISSORY NOTE

| KIND OF LOAN |
| --- |
| Type: ___OL___     ☐ Regular |
| ☒ Limited Resource |
| Pursuant to: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Name |
| --- |
| GERRY K. ALLEN & ANN M. ALLEN |

| State | County |
| --- | --- |
| MASSACHUSETTS | FRANKLIN |

| Case No. | Date |
| --- | --- |
| 25-06-███6735 | January 13, 1989 |

| Fund Code | Loan No. |
| --- | --- |
| 44 | 24 |

| ACTION REQUIRING NOTE | |
| --- | --- |
| ☐ Initial loan | ☒ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☒ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____GREENFIELD, MASSACHUSETTS_____

_____01301_____, or at such other place as the Government may later designate in writing, the principal sum of

THIRTY NINE THOUSAND FOUR HUNDRED FIFTY SEVEN AND 75/100 ———————————————— dollars

($___39,457.75___), plus interest on the unpaid principal balance at the **RATE** of

_SIX AND ONE QUARTER_ percent (___6.25___ %) per annum and
NO THOUSAND TWO HUNDRED
THIRTEEN AND 42/100 dollars ($__2,213.42__) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in ___16___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| $___0___ | on _01-01-90_ ; | $___0___ | on _01-01-91_ ; | | |
| $_5,067.00_ | on _01-01-92_ ; | $__N/A__ | on _____ ; | | |
| $__N/A__ | on _____ ; | $__N/A__ | on _____ ; | | |
| $__N/A__ | on _____ ; | $__N/A__ | on _____ ; | | |
| $__N/A__ | on _____ ; | $__N/A__ | on _____ ; | | |
| $__N/A__ | on _____ ; | $__N/A__ | on _____ ; | | |

and $ _5,067.00_ thereafter on _01-01_ of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _15_ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

**EXHIBIT**

_C_

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrued during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 44-07 | $ 47,000 | 10.25 % | 12-18 , 1985 | Gerry & Ann Allen | 12-18-92 , 19 |
| 44-14 | $ 44,202.57 | 8.75 % | 09-08-87 , 19 | Gerry & Ann Allen | 09-08-94 , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

_Ann M. Allen_
Ann M. Allen          (Borrower)

(SEAL)

_Gerry K. Allen_
Gerry K. Allen
                                                    (Borrower)

## ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated January 13, 1989 in the original amount of $39,457.75 at an annual interest rate of 6.25 percent. This agreement amends and attaches to the above note. $544.00 of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 1951, Subpart A. I agree to sign a supplementary payment agreement and make additional payments if during the deferral point I have a substantial increase in income and repayment ability.

_Ann M. Allen_
Ann M. Allen

_Gerry K. Allen_
Gerry K. Allen

634 Leyden Road

Greenfield, MA  01301

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

✩ U.S. GOVERNMENT PRINTING OFFICE: 1988-654-054/8000 3

USDA-FmHA
Form FmHA 1940-17   REAMO...ZED FROM 41-09
(Rev. 8-88)

PROMISSORY NOTE

| KI... J OF LOAN | |
|---|---|
| Type: __FO__ | ☐ Regular |
| | ☒ Limited Resource |

| Name | |
|---|---|
| GERRY K. ALLEN & ANN M. ALLEN | |
| State | County |
| MASSACHUSETTS | FRANKLIN |
| Case No. | Date |
| 25-06-■■■■6735 | January 13, 1989 |
| Fund Code | Loan No. |
| 41 | 21 |

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

ACTION REQUIRING NOTE
☐ Initial loan               ☐ Rescheduling
☐ Subsequent loan            ☒ Reamortization
☐ Consolidated &             ☐ Credit sale
subsequent loan              ☒ Deferred paymen's
☐ Consolidation              ☐ Debt write down
☐ Conservation easement

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in ___GREENFIELD, MASSACHUSETTS   01301___

_____, or at such other place as the Government may later designate in writing, the principal sum of

TWENTY THREE THOUSAND FOUR HUNDRED SEVENTY FOUR AND 87/100 ----------- dollars

($___23,474.87___), plus interest on the unpaid principal balance at the RATE of

___FIVE___ percent (___5___%) per annum and

ONE HUNDRED SIXTEEN AND 73/100 Dollars ($__116.73__) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in ___38___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $___476.00___ on 01-01-90 | ; $___476.00___ on 01-01-91 | ; |
| $___1,477.00___ on 01-01-92 | ; $___N/A___ on ___ | ; |
| $___N/A___ on ___ | ; $___N/A___ on ___ | ; |
| $___N/A___ on ___ | ; $___N/A___ on ___ | ; |
| $___N/A___ on ___ | ; $___N/A___ on ___ | ; |
| $___N/A___ on ___ | ; $___N/A___ on ___ | ; |

and $___1,477.00___ thereafter on ___1st___ of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ___37___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

EXHIBIT
D

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of he Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 41-09 | $ 24,000.00 | 8.25 % | 08-01 , 1986 | Gerry & Ann Allen | 08-01-2026, XXX |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay wi.. due any debt evidenced by this note or perform any covenant of agreement under this i ote shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute def.ult under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedr ess immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicatec ir the ''Kind of Loan'' block above. This Note shall be subject to the present regulations of the Farmers Home Administration anc to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.     _Ann M. Allen_ _____ (Borrower)
Ann M. Allen

(SEAL)     _Gerry K. Allen_ _____
Gerry K. Allen     (Borrower)

<u>ADDENDUM FOR DEFERRED INTEREST</u>

Addendum to promissory note dated January 13, 1989 in the original amount of $23,474.87 at an annual interest rate of 5 percent. This agreement amends and attaches to the above : $43.00 of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 1951, Subpart A. I agree to sign a supplementary payment agreement and make additional payments if during the deferral point I have a substantial increase in income and repayment ability.

_Ann M. Allen_
Ann M. Allen

_Gerry K. Allen_
Gerry K. Allen

634 Leyden Road

Greenfield, MA  01301

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

✩ U.S. GOVERNMENT PRINTING OFFICE: 1988-654-054/80008

USDA-FmHA          RE-SCHEDULED FROM 44-17
Form FmHA 1940-17
(Rev. 8-88)

PROMISSORY NOTE

| KIND OF LOAN |
|---|
| Type: __OL__    ☐ Regular |
|    ☒ Limited |
|    Resource |

| Name | | Pursuant to: |
|---|---|---|
| GERRY K. ALLEN & ANN M. ALLEN | | ☒ Consolidated Farm & Rural Development Act |
| | | ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| State | County | ACTION REQUIRING NOTE |
|---|---|---|
| MASSACHUSETTS | FRANKLIN | ☐ Initial loan        ☒ Rescheduling |
| Case No. | Date | ☐ Subsequent loan    ☐ Reamortization |
| 25-06-●●6735 | January 13, 1989 | ☐ Consolidated & subsequent loan    ☐ Credit sale |
| Fund Code | Loan No. | ☒ Deferred payments |
| 44 | 23 | ☐ Consolidation    ☐ Debt write down |
| | | ☐ Conservation easement |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____GREENFIELD, MASSACHUSETTS   01301_____

_____, or at such other place as the Government may later designate in writing, the principal sum of

_____SEVEN THOUSAND EIGHT HUNDRED THIRTY FIVE AND 09/100 ——————————————————_____ dollars

($_____7,835.09_____), plus interest on the unpaid principal balance at the **RATE** of

_____SIX AND ONE QUARTER_____percent (_____6.25_____%) per annum and

THREE HUNDRED THIRTEEN AND 83/100 dollars ($___313.83___) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST,** in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in _____16_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | |
|---|---|---|---|---|
| $_____0_____ | on 01-01-90 | ; $_____0_____ | on 01-01-91 | ; |
| $_____998.00_____ | on 01-01-92 | ; $_____N/A_____ | on _____ | ; |
| $_____N/A_____ | on _____ | ; $_____N/A_____ | on _____ | ; |
| $_____N/A_____ | on _____ | ; $_____N/A_____ | on _____ | ; |
| $_____N/A_____ | on _____ | ; $_____N/A_____ | on _____ | ; |
| $_____N/A_____ | on _____ | ; $_____N/A_____ | on _____ | ; |
| and $_____998.00_____ | | thereafter on 01/01 of each year until the principal and interest are fully | | |

paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____15_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

**EXHIBIT**

**E**

*Position 2*                                    FmHA 1940-17 (Rev. 8-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| | FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|---|
| Resch | 44-15 | $ 8,000.00 | 8.5 % | 04-25-88 , 19 | Gerry & Ann Allen | 04-25-89 , 19 |
| Resch | 44-17 | $ 8,137.87 | 8.5 % | 07-08-88 , 19 | Gerry & Ann Allen | 07-08-95 , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay wh.. .ue any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

Ann M. Allen                                    (Borrower)

(SEAL)

Gerry K. Allen

                                                (Borrower)

## ADDENDUM FOR DEFERRED INTEREST

Addendum to promissory note dated January 13, 1989 in the original amount of $7,835.09 at an annual interest rate of 6.25%. This agreement amends and attaches to the above note. $99.00 of each regular payment on the note will be applied to the interest which accrued during the deferral period. The remainder of the regular payment will be applied in accordance with 7 CFR Part 1951, Subpart A. I agree to sign a supplementary payment agreement and make additional payments if during the deferral point I have a substantial increase in income and repayment ability.

Ann M. Allen

Gerry K. Allen

634 Leyden Road

Greenfield, MA  01301

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

☆U.S. GOVERNMENT PRINTING OFFICE: 1988-654-054/80008

USDA-FmHA
Form FmHA 1940-17    REAMOR  ATED FROM 41-16
(Rev. 8-88)

PROMISSORY NOTE

| Name | |
|---|---|
| GERRY K. ALLEN & ANN M. ALLEN | |
| State | County |
| MASSACHUSETTS | FRANKLIN |
| Case No. | Date |
| 25-06-████6735 | January 13, 1989 |
| Fund Code | Loan No. |
| 41 | 27 |

| KI  OF LOAN | |
|---|---|
| Type: __FQ__ | ☐ Regular |
| | ☒ Limited Resource |
| Pursuant to: | |
| ☒ Consolidated Farm & Rural Development Act | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | |

**ACTION REQUIRING NOTE**

| ☐ Initial loan | ☐ Rescheduling |
|---|---|
| ☐ Subsequent loan | ☒ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payment |
| ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____GREENFIELD, MASSACHUSETTS_____

_____01301_____, or at such other place as the Government may later designate in writing, the principal sum of

__FORTY SEVEN THOUSAND FIVE HUNDRED THIRTY ONE AND 62/100 ——————————__ dollars

($____47,531.62____), plus interest on the unpaid principal balance at the **RATE** of

_____FIVE_____ percent (___5___ %) per annum and

FIVE HUNDRED NINETY SEVEN AND 73/100 Dollars ($___597.73___) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST,** in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in ____40____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$____2,718.00____ on 01-01-90 ; $____2,810.00____ on _01-01-91_ ;
$____N/A____ on ____ ; $____N/A____ on ____ ;
$____N/A____ on ____ ; $____N/A____ on ____ ;
$____N/A____ on ____ ; $____N/A____ on ____ ;
$____N/A____ on ____ ; $____N/A____ on ____ ;
$____N/A____ on ____ ; $____N/A____ on ____ ;
and $____2,810.00____ on ____ ; $____N/A____ on ____ ;
thereafter on _01-01_ of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __39__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

**EXHIBIT**

__F__

FmHA 1940-17 (Rev. 8-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accr ues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration acco d-ing to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under t iis note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment ma le by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of t ie United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayme it retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Bor-rower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unles s the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not i i satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| | FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|---|
| Ream. | 41-16 | $ 48,000.00 | 9 % | 07-22-88 , 19 | Gerry & Ann Allen | 07-22-2028 , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |
| | | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to pro-duce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in com-pliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay wh. .ue any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

_Ann M. Allen_                (Borrower)
Ann M. Allen

(SEAL)

_Gerry K. Allen_
Gerry K. Allen                            _(Borrower)_

634 Leyden Road

Greenfield, MA  01301

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

☆U.S. GOVERNMENT PRINTING OFFICE: 1988-654-054/80008

Position 2

FmHA 1940-17 (Rev. 3-80)

Position 1



**JSDA-FmHA**
Form FmHA 440-4
Rev. 2/88)

# SECURITY AGREEMENT
## (CHATTELS AND CROPS)

I.    THIS SECURITY AGREEMENT, dated ___12 - 6 - 95___ , 19___, is made between the United States of America

cting through the Farmers Home Administration (called Secured Party) and _____Gerry K. Allen_____

and _____Ann M. Allen_____ (called Debtor), whose mailing address

_____634 Leyden Road,  Greenfield, MA  01301_____

II.    BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instru ment(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are called "note", which has been executed by Debtor, is payable to the order of Secured Party, an authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The note evidences a loan to Debtor, and Secured Party at any time, may assign the note and insure the payment thereof to any exter authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration; and

It is the purpose and intent of this instrument that, among other things, at all times when the note is held by Secured Party, or in th event Secured Party should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but whe the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced by the note, but as to the note and such debt shall constitute an indemnity security agreement to secure Secured Party against loss under its insurance contrac by reason of any default by Debtor; and

NOW THEREFORE, in consideration of said loan(s) and (a) at all times when the note is held by Secured Party, or in the event Secure Party should assign this instrument without insurance of the payment of the note, to secure the prompt payment of all existing and futu indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans o future advances to Debtor before or after made or insured by Secured Party under the then existing provisions of the Consolidated Farm an Rural Development Act or any other act administered by the Farmers Home Administration all with interest,  (b) at all times when the note is held by an insured holder, to secure performance of Debtor's agreement in this instrument to indemnify and save harmless Secure Party against loss under its insurance contract by reason of any default by Debtor, (c) in any event and at all times to secure the prompt pay ment of all advances and expenditures made by Secured Party, with interest, as described in this instrument, and the performance of ever covenant  and agreement of  Debtor contained in this instrument or in any supplementary agreement:

DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following collateral, including the proceeds and pro ucts thereof after this collateral:

*Item 1.*    All crops, annual and perennial, and other plant products now planted, growing or grown, or which are planted after th instrument is signed or otherwise become growing crops or other plant products (a) within the one-year period or any longer period of yea permissible under State law, or (b) at any time after this instrument is signed if no fixed maximum period is prescribed by State law, on th following described real estate:

| Farm(s) or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction from a Named Tow or other Description |
|---|---|---|---|
| Gerry K. & Ann M. Allen | 80 | Franklin, MA | 4 miles North of Greenfield Center |

```
EXHIBIT

    G
```

Including all peanut and tobacco poundage allotments existing on or leased and transferred or to be leased and transferred to the above d scribed farms as well as any proceeds derived from the conveyance or lease and transfer by the debtors to any subsequent party.

Ex 6

*Item 2.*    All farm and other equi____ t (except small tools and small equipment    , as hand tools, power lawn mowers and oth____ items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, su____ stitutions, additions, and accessions thereto, including but not limited to the following:

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condition | Year of manufacture | Serial or Motor No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Tractor with Bucket | Ford | 8000 | F | 1972 | |
| 2 | 1 | Corn Planter | J.D. | 4-Row 7000 | F | 1977 | 14731.9 |
| 3 | 1 | Harrow | M.F. | 10'-520 | F | 1967 | 018650 |
| 4 | 1 | Spring Tooth Cultivator | M.F. | 2-Row | F | 1979 | 148258 |
| 5 | 1 | Milk Tank | Mueller | 600 gal. | G | 1977 | |
| 6 | 1 | Manure Spreader | N.H. | 360 bushel 791 | F | 1982 | |
| 7 | 1 | Scraper Blade | J.D. | 65 | G | | W000652:00695 |
| 8 | 1 | Corn Chopper w/Corn Head | N.H. | 880, 2-Row | F | 1979 | 65181 |
| 9 | 1 | Tractor w/cab | I.H. | 1456 | G | 1971 | 2650005U0122 |
| 10 | 1 | Haybine | N.H. | 479 | G | 1980 | 369223 |
| 11 | 1 | Forage Box | Gehl | | F | 1980's | |
| 12 | 1 | Hay Baler | N.H. | Hayliner 68 | F | 1970's | 25864 |
| 13 | 1 | Round Baler | Heston | 5530 | G | 1980 | R55302773 |
| 14 | 1 | Hay Wagon | Homemade | | G | | |
| 15 | 1 | Tedder Rake | Haybob | 300 | G | 1990 | TH0192873 |
| 16 | 1 | Air Compressor | Sanborn | 140 PSI, Model 500 BP60V | G | 1987 | H0640321 |
| 17 | 1 | Arc Welder | Lincoln | 225 amp | G | | 6967102 |
| 18 | 1 | Shop Press | High Quality | 30 ton, Model CD100 | G | 1989 | 2395 |
| 19 | 1 | Bale Fork | Central Tractor | | G | 1994 | |
| 20 | 1 | Milking pipeline w/ washer, etc. | Surge | | | | |

Any fixture described above is affixed or is to be affixed to the real estate described in *Item 1* of this instrument.

*Item 3.*    All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| Line No. | Quantity | Kind-sex | Breed | Color | Weight, average weight | Age or age Range | Brands or other identification |
|---|---|---|---|---|---|---|---|
| | | | | | | | |



*Item 4.*    All accounts, contract rights and general intangibles, as follows:

III.    DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

A.    Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests, as follows:

and Debtor will defend the collateral against the claims and demands of all other persons. Reference to the above liens, encumbrances, security and other interests is for warranty purposes only and does not indicate their priority.

B.    Statements contained in Debtor's loan application(s) are true and correct; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon from time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party, and (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this instrument.

C.    Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured Party secured by this instrument, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (4) fees and other charges now or later required by regulations of the Farmers Home Administration. At all times when the note is held by an insured holder, Debtor shall continue to make payments on the note to Secured Party, as collection agent for the holder.

D.    If the note is insured by Secured Party, Debtor will indemnify and save harmless Secured Party against any loss by reason of any default by Debtor.

E.    At all times when the note is held by an insured holder, any amount due and unpaid under the terms of the note to which the holder is entitled may be paid by Secured Party to the holder of the note for the account of Debtor. Any amount due and unpaid under the terms of the note, whether it is held by Secured Party or by an insured holder, may be credited by Secured Party on the note and thereupon shall constitute an advance by Secured Party for the account of Debtor. Any advance by Secured Party as described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to the date of payment to Secured Party, provided that borrower shall be required to pay interest on only the principal portion of such advance unless otherwise provided in the regulations of the Farmers Home Administration.

F.    Whether or not the note insured by Secured Party, Secured Party may at any time pay any other amounts required in instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the note which has highest interest rate.

G.    All advances by Secured Party as described in this instrument, with interest, shall be immediately due and payable by Deb to Secured Party without demand at the place designated in the latest note and shall be secured by this instrument. No such advance Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the note or a indebtedness to Secured Party secured hereby, in any order Secured Party determines.

H.    In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor will execute and deliver Secured Party at any time, upon demand, such additional security instruments on such real and personal property as Secured Party may requi

IV.    IT IS FURTHER AGREED THAT:

A.    Until default Debtor may retain possession of the collateral.

B.    Default shall exist under this instrument if Debtor fails to perform or discharge any obligation or to pay promptly a indebtedness secured by this instrument or to observe or perform any covenants or agreements in this instrument or in any supplementa agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompeten of the parties named as Debtor, or upon the bankruptcy or insolvency of anyone of the parties named as Debtor. Default shall also exist any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. Upon any such default.

1.    Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on th note and any indebtedness secured by this instrument immediately due and payable, (b) enter upon the premises and cultivate and harves crops, take possession of, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or serving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by

2.    Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) designated by Secured Party, and (b) waives all notices, exemptions, compulsory disposition and redemption rights.

3.    A default shall exist under any other security instrument held or insured by Secured Party and executed or assumed b Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this instrument.

C.    Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, selling an the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior securit interests or liens to the extent required by law and in accordance with current regulations of the Farmers Home Administration, third to th satisfaction of indebtedness secured by this instrument, fourth to the satisfaction of subordinate security interests to the extent required b law, fifth to any other obligations of Debtor owing to or insured by Secured Party, and sixth to Debtor. Any proceeds collected under insu ance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the deb evidenced by the note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replace ment of the collateral, third on any other obligation of Debtor owing to or insured by Secured Party, and any balance shall be paid to Debto unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition o proceeds of the collateral and insurance.

D.    It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this instrument, n collateral covered by this instrument is or shall become realty or accessioned to other goods.

E.    This instrument is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this instrument.

F.    If any provision of this instrument is held invalid or unenforceable, it shall not affect any other provisions, but this instru ment shall be construed as if it had never contained such invalid or unenforceable provision.

G.    The rights and privileges of Secured Party under this instrument shall accrue to the benefit of its successors and assigns. Al covenants, warranties, representations, and agreements of Debtor contained in this instrument are joint and several and shall bind persona representatives, heirs, successors, and assigns.

H.    If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit association a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the note and any in debtedness secured by this instrument and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

I.    Secured Party shall have the sole and exclusive rights as the secured party under this instrument, including but not limited to the power to grant or issue any consent, release, subordination, continuation statement or termination statement, and no insured holder shall have any right, title, or interest in or to the security interest created by this instrument or any benefits of it.

J.    SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

K.    Failure by the Secured Party to exercise any right—whether once or often—shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

_Gerry K. Allen_ _____ (SEAL)    _Ann M. Allen_ _____ (SEAL)
Gerry K. Allen          *(Debtor)*           Ann M. Allen          *(Debtor)*

MA SOC   Filing Number: 200426705840    Date: 01/13/2004 12:27:00 PM

████████████████
████████████████
████████████████
████████████████

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ellen Gallerani (413) 773-3338 X 106
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

USDA Farm Service Agency
55 Federal St., Rm. 270
Greenfield, MA 01301-2545

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| ALLEN | GERRY | M | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 634 LEYDEN RD. | GREENFIELD | MA | 01302 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| NONE | | | | |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names   ☐ NONE

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| ALLEN | ANN | M | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 17 I STREET | TURNERS FALLS | MA | 01376 | USA |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| NONE | | | | |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)   ☐ NONE

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| UNITED STATES OF AMERICA, ACTING THROUGH FARM SERVICE AGENCY | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 55 FEDERAL ST, RM 270 | GREENFIELD | MA | 01301 | USA |

4. This FINANCING STATEMENT covers the following collateral:

PLEASE SEE ATTACHMENT A

THIS IS AN 'IN LIEU' FILING TO CONTINUE CURRENTLY EFFECTIVE FINANCING STATEMENTS FILED IN THE
OFFICE OF THE TOWN OF GREENFIELD, MASSACHUSETTS,

ESTABLISHED AS NUMBER # 77-79 ON 5/31/1979 PLEASE SEE ATTACHEMENT B
CONTINUED AS # 77-79 ON 1/11/1984 PLEASE SEE ATTACHEMNT C
CONTINUED AS # 77-79 ON 4/7/1989 PLEASE SEE ATTACHMENT D
CONTINUED AS # 77-79 ON 3/8/1994 PLEASE SEE ATTACHMENT E
CONTINUED AS # 77-79 ON 2/1/1999 PLEASE SEE ATTACHMENT F

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS    Attach Addendum (if applicable) | | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV...
59903-22-702575

EXHIBIT

_H_

01/07/2004  4:36 FAX 1 413 586 8648        USDA-SERVICE CTR            → FRANKLIN FSA    ☒002

USDA-FmHA
Form FmHA 462-12
(Rev. 10-85)

## STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.

This STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code.

| | | |
|---|---|---|
| 1. Debtor(s): *(Last name first, and mailing address(es)* | 2. SECURED PARTY | 3. Maturity date *(if any)* |
| ALLEN, GERRY K. <br> ALLEN, ANN M. <br><br> 634 Leyden Road <br> Greenfield, MA  01301 | UNITED STATES OF AMERICA <br> acting through <br> FARMERS HOME ADMINISTRATION <br> Federal Building Rm 270 <br> 55 Federal St Rm 270 <br> Greenfield, MA  01301 <br> *(County Office Address)* | FOR FILING OFFICER ONLY *(Date, time, number and filing office)* <br><br> 99 FEB -1 |

4. This Statement refers to original Financing Statement No. 77-79
Filed with   Town of Greenfield   Date filed   May 31   19___    # 77-99 Cont

5. ☒ Continuation.   The original financing statement between the foregoing Debtor(s) and Secured Party, bearing file number shown above, is still effective.

6. ☐ Termination.   Secured party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ Assignment.   The secured party's right under the financing statement bearing file number shown above to the property described in Item 10 have been assigned to the assignee whose name and address appears in Item 10.

8. ☐ Amendment.   Financing Statement bearing file number shown above is amended as set forth in Item 10.

9. ☐ Partial Release.  Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10.

| | |
|---|---|
| | UNITED STATES OF AMERICA |
| | By  Randy L. Kramer |
| By: | Title  Farm Loan Manager |
| Signature(s) of Debtor(s) *(necessary only if Item 8 is applicable)* | FARMERS HOME ADMINISTRATION |

(1) Filing Officer Copy-Acknowledgement
Filing Officer returns this copy to County Office.

FmHA 462-12 (Rev. 10-85)

*attachment F*

01/07/2004 14:35 FAX 1 413 586 8648    USDA-SERVICE CTR    → FRANKLIN FSA    ☒001

* U. S. GOVERNMENT PRINTING OFFICE: 1985-456-152

MAR 10 1994

USDA-FmHA
Form FmHA 462-12
(Rev. 10-85)

## STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.

This STATEMENT is presented to filing officer for filing
pursuant to the Uniform Commercial Code.

No. of additional
sheets presented:

Maturity date
(if any)

1. Debtor(s): (Last name first) and mailing address(es)

Allen, Gerry K.
Allen, Ann M.
634 Leyden Road
Greenfield, MA 01301

2.

SECURED PARTY

UNITED STATES OF AMERICA
acting through

FARMERS HOME ADMINISTRATION
Mayburne Office Building
55 Federal Street
Greenfield, MA 01301
(County Office Address)

FOR FILING OFFICER ONLY
Date, time, number and filing
office

4. This Statement refers to original Financing Statement No.     77-79

Filed with    Town of Greenfield    Date filed    May 31    19 79

5. ☒ Continuation.  The original financing statement between the foregoing Debtor(s) and Secured Party bearing file number shown above is still active.

6. ☐ Termination.  Secured Party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ Assignment.  The undersigned Secured Party's right under the financing statement bearing file number shown above to the property described in item 10 have been assigned to the assignee whose name and address appears in item 10.

8. ☐ Amendment.  The Financing Statement bearing file number shown above is amended as set forth in item 10.

9. ☐ Partial Release.  Secured Party releases the collateral described in item 10 from the financing statement bearing file number shown above.

10.

UNITED STATES OF AMERICA

By

RANDY M. KLEIN

Title    County Supervisor

FARMERS HOME ADMINISTRATION

By

Signature(s) of Debtor(s)    (necessary only if item 8 is applicable)

(3) Filing Officer Copy-Acknowledgement
Filing Officer returns this copy to County Office.

FmHA 462-12 (Rev. 10-85)

Renew    12-31-98

Expires    5-31-99

attachment
E

01/08/2004 08:15 FAX 1 413 586 8648      USDA-SERVICE CTR      → FRANKLIN FSA      ☒001

attachment
#
D

U. S. GOVERNMENT PRINTING OFFICE 297-629 1979

STATEMENT — This Financing Statement is presented to Filing Officer for filing pursuant to the UCC.

SECURED PARTY

| | No. of additional sheets presented: | 3. Maturity date (if any) |

DA-FmHA
Form FmHA 462-12
(7-26-78)

STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.

APR 10 1989

Debtor(s) (Last Name first, and mailing address(es))

Allen, Gerry K.
Allen, Ann M.
634 Leyden Road
Greenfield, MA 01301

2. SECURED PARTY
UNITED STATES OF AMERICA,
acting through
FARMERS HOME ADMINISTRATION
Hayburne Office Bldg.
55 Federal Street
Greenfield, MA 01301
(County, Office Address)

FOR FILING OFFICER ONLY
(Date, time, number and filing office)

Continuation #77-19
Filed Town Clerk's
Office, Greenfield, MA
01301

☒ Continuation. The original financing statement between the foregoing Debtor(s) and Secured Party, bearing file number shown above, is still effective.

☐ Termination. The Secured party no longer claims a security interest under the financing statement bearing file number shown above.

☐ Assignment. The secured party's right under the financing statement bearing the number shown above to the property described in item 10 has been assigned to the assignee whose name and address appears in item 10.

☐ Amendment. Financing Statement bearing file number above is amended as set forth in item 10.

☐ Partial Release. Secured Party releases the collateral described in item 10 from the financing statement bearing the number shown above.

Town Clerk - Greenfield

77-19

Date filed

4/7/1989 9:00 a.m.

Form FmHA 462-12
(Rev. 9-6-78)

## STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.

This STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code

| | | No. of additional sheets presented: | 3. Maturity date (if any) |
|---|---|---|---|
| 1. Debtor(s) (Last name first, and mailing address(es)) | 2. SECURED PARTY | | FOR FILING OFFICER ONLY (Date, time, number and filing office) |

1. Debtor(s) (Last name first, and mailing address(es))

Allen, Gerry K.
Allen, Ann M.
634 Leyden Road
Greenfield, MA 01301

2. SECURED PARTY
UNITED STATES OF AMERICA
acting through
FARMERS HOME ADMINISTRATION
Mohawk Mall, 91 Main St.
Greenfield, MA 01301
(County Office Address)

FOR FILING OFFICER ONLY
1/11/84   11:45 A.M
#77-79 (Continuation)
Filed Town Clerk's
Office-Greenfield Ma.
01301

4. This Statement refers to original Financing Statement No. __77-79__
Filed with Town Clerk-Grnfld., MA        Date filed May 31  19 79

5. ☒ Continuation. The original financing statement between the foregoing Debtor(s) and Secured Party, bearing file number shown above, is still effective.

6. ☐ Termination. Secured party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ Assignment. The secured party's right under the financing statement bearing file number shown above to the property described in Item 10 have been assigned to the assignee whose name and address appears in Item 10.

8. ☐ Amendment. Financing Statement bearing file number shown above is amended as set forth in Item 10.

9. ☐ Partial Release. Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10.

By: _____
Signature(s) of Debtor(s) (necessary only if Item 8 is applicable)

By _Peter P. Laurenza_____  UNITED STATES OF AMERICA
PETER P. LAURENZA
Title County Supervisor
FARMERS HOME ADMINISTRATION

(3) Filing Officer Copy-Acknowledgement
Officer is to return this copy to County Office.

FmHA 462-12 (Rev. 9-6-78)

Review  12/88

Attachment C

**FINANCING STATEMENT** – This Financing Statement is presented to Filing Officer for filing pursuant to the UCC:

| Debtor(s) (Last Name First) and Address(es) | SECURED PARTY | For Filing Officer (Date, Time, Number and Filing Office) |
|---|---|---|
| Allen, Gerry K. <br> Allen, Ann M. <br> 634 Leyden Rd. <br> Greenfield, MA 01301 | UNITED STATES OF AMERICA <br> acting through <br> FARMERS HOME ADMINISTRATION <br><br> 4 Whalley Street <br> Hadley, MA 01035 <br><br> (County Office Address) | 5/31/79  4:30 P.M. <br> 77-79 <br> Filed Town Clerk's offi <br> Greenfield, Mass. <br> 01301 |

1. This Financing Statement covers the following types or items of collateral, including proceeds and products thereof:
   (a) Crops, livestock, other farm products, farm and other equipment, supplies and inventory.
   (b) _____

2. Disposition of such collateral is not hereby authorized.

3. Crops covered hereby are growing or are to be grown on, and any goods described in 1 (b) above which are or are to become fixtures are to be affixed to, the following-described real estate:

| Farm(s) or Other Real Estate <br> * Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction From a Named Town or Other Description |
|---|---|---|---|
| Gerry K. & Ann M. <br> Allen | 80 acres | Franklin, MA | 4 mi N. of Greenfield, |

| Filed with: | ☒ Filing Office in **Greenfield, Franklin** | County | ☐ Secretary of State |
|---|---|---|---|

| | |
|---|---|
| *Gerry K. Allen* <br> Gerry K. Allen  (Signature of Debtor) | UNITED STATES OF AMERICA <br> By *Kenneth L. Lynch* |
| Ann M. Allen  (Signature of Debtor) | Title Kenneth L. Lynch, County Supervisor <br> FARMERS HOME ADMINISTRATION |

(3) Filing Officer Copy—Acknowledgment. Filing Officer is requested to note file number, date and hour of filing on this copy and return to the secured party, as an acknowledgment. * Record owner if required by State Law, otherwise reputed owner.

USDA-FHA FORM FHA 440A25 (Rev. 5-6-69)
FORM UCC-1 UNIFORM COMMERCIAL CODE

**FARM SERVICE AGENCY**
**445 WEST STREET**
**AMHERST, MA  01002**

**INDEBTEDNESS AS OF  10/18/04**
**(PER ADPS)**

**NAME:**    ALLEN, GERRY K. & ANN M.

**CASE NUMBER:**    25-006-█████6735

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL | DELINQUENT AS OF: 10/18/04 |
|---|---|---|---|---|---|
| 41-21 | 07/02/93 | $ 36,158.49 | $ 21,751.34 | $  4.9532 | $ 29,847.37 |
| 29-22 | 06/28/04 | 76,312.53 | 87,522.75 | 17.7714 | 84,202.42 |
| 44-23 | 09/14/95 | 6,386.55 | 5,114.69 | 1.0145 | 9,324.54 |
| 44-24 | 04/28/95 | 35,941.46 | 30,159.48 | 5.3223 | 51,963.72 |
| 29-26 | 12/30/03 | 9,593.82 | 4,067.14 | 1.5870 | 5,548.02 |
| 41-27 | 11/24/93 | 45,765.53 | 27,332.67 | 6.1738 | 28,100.00 |
| | | $210,158.38 | $175,948.08 | | |

**$386,106.46**

_Carrie L. Novak_
**CARRIE L. NOVAK**
**Farm Loan Chief**

**Commonwealth of Massachusetts**

ss.

**County of Hampshire**

On this 18th day of October, 2004, before me, the undersigned Notary Public, personally appeared Carrie L. Novak, proved to me through satisfactory evidence of identification, which was a Massachusetts Drivers License, to be the person whose name is signed on the preceding document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

_Jane Ann Rice_
**JANE ANN RICE**
**Notary Public**

JANE ANN RICE
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jan 29, 2010

**My Commission Expires January 29, 2010**

**EXHIBIT**

**I**